IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERBERT L. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3081 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Herbert L. Campbell. Also before the court are the petitioner's Supplement (filing no. 10) to the § 2254 petition, the respondent's Answer (filing no. 16), and the petitioner's Motion to Deny Respondent's Answer (filing no. 18). Both parties have filed state court records (filing nos. 17 and 19).

The claims asserted in the § 2254 petition all appear to relate to defects in the petitioner's state postconviction proceedings and allegations of ineffective assistance of counsel rendered by the petitioner's postconviction counsel. However, 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). See, e.g., Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) (a claim regarding an infirmity in state postconviction proceedings "is collateral to appellant's conviction and detention, and is

1

therefore not cognizable in a 28 U.S.C. § 2254 petition").

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings .... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings ...."); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state post-conviction] process are not cognizable in federal habeas proceedings"); Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by

state post-conviction court to hold a hearing and provide written findings not cognizable in federal habeas corpus action); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987).

Accordingly, the petitioner's claims relating to the allegedly deficient representation rendered by his postconviction attorney, the absence of a physician at his postconviction hearing, the petitioner's mental competence at that hearing, the postconviction court's failures and errors, the insufficiency of discovery, failure to produce evidence, and lack of an adequate record in the postconviction action, the district and appellate courts' erroneous decisions, and any other denial of due process in the postconviction proceedings are all barred from consideration by this court in a habeas corpus case. As the § 2254 petition relates exclusively to matters which occurred on state postconviction review, this action and the § 2254 petition will be dismissed.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by Herbert L. Campbell, is denied and dismissed with prejudice; and

2. That a separate judgment will be entered accordingly.

November 2, 2005.  BY THE COURT:

/s *Richard G. Kopf*
United States District Judge